PAUL M. GLEASON (State Bar No. 155569)
TOREY FAVAROTE (State Bar No. 198521)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone: (213) 452-0510
Facsimile: (213) 452-0514
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com

Attorneys for Defendant
CORECIVIC OF TENNESSEE, LLC

JOSH D. GRUENBERG, ESQ. (State Bar No. 163281)
COLETTE N. MAHON, ESQ. (State Bar No. 304745)
GRUENBERG LAW
2155 First Avenue
San Diego, CA 92101
Telephone: (619) 230-1234
Facsimile: (619) 230-1074
josh@gruenberglaw.com
colettem@gruenberglaw.com

Attorneys for Plaintiff GREGORY ARNOLD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ARNOLD, an individual,<br><br>             Plaintiff,<br><br>     v.<br><br>CORECIVIC OF TENNESSEE, LLC;<br>and DOES 1 through 25, Inclusive,<br><br>             Defendants. | Case No. 3:20-cv-00809-L-DEB<br><br>**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**<br><br>Ctrm:    5B (5th Floor)<br>Judge:   Hon. M. James Lorenz<br><br>Mag. Judge:    Hon. Daniel E. Butcher<br>Chambers Rm:    3A (3rd Flr.)<br><br>State Action Filed:    April 29, 2020<br>Trial Date:               None |

/ / /

/ / /

**TO THE COURT AND ALL INTERESTED PARTIES:**

Pursuant to Federal Rule of Civil Procedure 26(c), the Scheduling Order Regulating Discovery And Other Pre-Trial Proceedings entered by the Court in this matter on February 23, 2021, and Section IX of the Civil Chambers Rules for U.S. Magistrate Judge Honorable Daniel E. Butcher, Plaintiff Gregory Arnold and Defendant CoreCivic of Tennessee, LLC, by and through their respective attorneys of record, hereby submit this Joint Motion for Entry of Stipulated Protective Order.

A party moving for a protective order must make a clear showing of a particular and specific need for the order.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  However, courts have authority to issue a protective order without finding good cause if the parties stipulate to such relief.  In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011).

Here, notwithstanding the holding in In re Roman Catholic Archbishop of Portland in Oregon, good cause exists for the court to grant this Joint Motion.  The parties anticipate that documents, testimony or information containing or reflecting confidential, proprietary, trade secret and/or commercially sensitive information, as well as medical records and employee personnel records protected from disclosure by the right to privacy contained in Article I, Section 1 of the California Constitution, are likely to be disclosed or produced during the course of discovery in this litigation. Therefore, the parties request that the Court enter the proposed stipulated protective order setting forth conditions for treating, obtaining and using such confidential information, a true and correct copy of which is attached hereto as **Exhibit A** and which has also been submitted electronically to Magistrate Judge Butcher concurrently with the filing of this joint motion.

///

///

///

///

1.
**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**
**USDC Case No. 3:20-cv-00809-L-DEB**

The parties respectfully request that the Court grant this Joint Motion for a Stipulated Protective Order.

Dated: April 19, 2021                      GLEASON & FAVAROTE, LLP
                                           PAUL M. GLEASON
                                           TOREY JOSEPH FAVAROTE


                                           By:/s/ Paul M. Gleason[1]
                                           _____
                                                   Paul M. Gleason

                                           Attorneys for Defendant
                                           CORECIVIC, OF TENNESSEE, LLC


Dated: April 19, 2021                      GRUENBERG LAW
                                           JOSH D. GRUENBERG
                                           COLETTE N. MAHON


                                           By:/s/ Colette N. Mahon
                                           _____
                                                   Colette N. Mahon

                                           Attorneys for Plaintiff GREGORY
                                           ARNOLD

_____

[1] All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

2.

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**
**USDC Case No. 3:20-cv-00809-L-DEB**

# EXHIBIT A

PAUL M. GLEASON (State Bar No. 155569)
TOREY FAVAROTE (State Bar No. 198521)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:  (213) 452-0510
Facsimile:  (213) 452-0514
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com

Attorneys for Defendant
CORECIVIC OF TENNESSEE, LLC

JOSH D. GRUENBERG, ESQ. (State Bar No. 163281)
COLETTE N. MAHON, ESQ. (State Bar No. 304745)
GRUENBERG LAW
2155 First Avenue
San Diego, CA 92101
Telephone:  (619) 230-1234
Facsimile:  (619) 230-1074
josh@gruenberglaw.com
colettem@gruenberglaw.com

Attorneys for Plaintiff GREGORY ARNOLD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ARNOLD, an individual, | Case No. 3:20-cv-00809-L-DEB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| CORECIVIC OF TENNESSEE, LLC; and DOES 1 through 25, Inclusive, | |
| Defendants. | Ctrm:    5B (5th Floor) |
| | Judge:    Hon. M. James Lorenz |
| | Mag. Judge:    Hon. Daniel E. Butcher |
| | Chambers Rm:    3A (3rd Flr.) |
| | State Action Filed:    April 29, 2020 |
| | Trial Date:    None |

**IT IS HEREBY STIPULATED** by and between Plaintiff Gregory Arnold and Defendant CoreCivic of Tennessee, LLC, by and through their attorneys of record, as follows:

In order to facilitate the exchange of information and documents in , which may be confidential for competitive reasons and/or privacy protected under federal and/or state laws,  and privacy rights, the parties have agreed to be bound by the terms of this Stipulated Protective Order ("Order").

The materials to be exchanged throughout the course of the litigation between the parties may contain information protected from disclosure by the right to privacy set forth in Article I, Section 1 of the California Constitution and trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE, the Parties stipulate and agree as follows:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings;

2.

photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects; medical records; and employee personnel records.

3.    The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Gleason & Favarote, LLP and Gruenberg Law.

## GENERAL RULES

4.    Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

a.    Designation as "CONFIDENTIAL": Any party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as "CONFIDENTIAL" qualifies for protection under Federal Rule of Civil Procedure 26(c).

5.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.    the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after

3.
**STIPULATED PROTECTIVE ORDER**
**USDC Case No. 3:20-cv-00809-L-DEB**

transcription of the proceedings;

b. a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

c. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, parties, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 7 below; and

d. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7. Information designated "confidential" shall be permitted only to the following:

a) The Court;

b) Counsel identified in paragraph 3, including their affiliated attorneys, paralegals, secretarial and clerical staff

4.

**STIPULATED PROTECTIVE ORDER**

**USDC Case No. 3:20-cv-00809-L-DEB**

c)  Executives who are required to participate in policy decisions with reference to this action;

d)  Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

e)  Stenographic and clerical employees associated with the individuals identified above;

f)  Any deposition, trial or hearing witness who previously had access to the "confidential" information, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the "confidential" information;

g)  Mock jury participants, provided, however, that prior to the disclosure of "confidential" information to any such mock jury participant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

h)  Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with this matter, whether or not retained to testify at any oral hearing; provided, however, that prior to the disclosure of "confidential" information to any such expert or expert consultant, counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

5.
**STIPULATED PROTECTIVE ORDER**

**USDC Case No. 3:20-cv-00809-L-DEB**

       i)       Plaintiff and representatives of Defendant; and

       j)       Any other person that the Designating Party agrees to in writing.

8.     With respect to material designated "CONFIDENTIAL" any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

9.     All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

11.    No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material.

12.    An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If

6.

opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chamber of the judge who will rule on the application, to notify the judges staff that an opposition to the application will be filed.  The parties shall follow and abide by applicable law, including Civil Local Rule 79.2, Section 2.j of the Electronic Case Filing Administrative Policies and Procedures, and the chambers rules, with respect to filing documents under seal. An unredacted version of the document must be lodged with the motion to seal. A redacted version of the document must be publicly e-filed contemporaneously with the motion or *ex parte* application to file under seal.

13.    At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Therefore, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a servicing attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential information until the Court has ruled on the objection or the matter has been otherwise resolved.

14.    All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure

must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.    No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.    If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL".

17.    Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not

8.

be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. Absent an *ex parte* motion made within 10 calendar days of the termination of this action, the court will destroy any confidential documents in its possession.

23. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate

knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24.   The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

25.   Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26.   This Order may be modified by agreement of the parties, subject to approval by the Court.

27.   The Court may modify the protective order in the interest of justice or for public policy reasons. . The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10.

**STIPULATED PROTECTIVE ORDER**

**USDC Case No. 3:20-cv-00809-L-DEB**

28.   Without a separate court order, this Order and the party stipulation do not change, amend, or circumvent any court rule or local rule.

Dated: April 19, 2021

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE

By:/s/ Paul M. Gleason[1]
_____
Paul M. Gleason

Attorneys for Defendant
CORECIVIC, OF TENNESSEE, LLC

Dated: April 19, 2021

GRUENBERG LAW
JOSH D. GRUENBERG
COLETTE N. MAHON

By:/s/ Colette N. Mahon
_____
Colette N. Mahon

Attorneys for Plaintiff GREGORY ARNOLD

IT IS SO ORDERED this _____ day of _____, 2021

_____
Hon. Daniel E. Butcher, U.S. Magistrate Judge

---

[1] All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

11.

**STIPULATED PROTECTIVE ORDER**

**USDC Case No. 3:20-cv-00809-L-DEB**

# EXHIBIT A

12.

**STIPULATED PROTECTIVE ORDER**

**USDC Case No. 3:20-cv-00809-L-DEB**

# EXHIBIT A

### CERTIFICATE RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential information supplied in connection with the proceeding entitled Gregory Arnold v. CoreCivic of Tennessee LLC, United States District Court – Southern District Case No. 3:20-cv-00809-L-DEB.  I certify that I understand that the Confidential information is provided to me subject to the terms and restrictions of the Stipulated Protective Order entered in this Proceeding.  I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential information obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential information provided to me in the proceeding in a secure manner, and that all copies of such Information is to remain in my personal custody until termination of my participation in this proceeding, whereupon the copies of such Information will be returned to counsel  who provided me with such Information.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed this ___ day of _____, 20__, at _____.

DATED:_____ BY: _____
                                         Signature
                                         _____
                                         Title
                                         _____
                                         Address
                                         _____
                                         City, State, Zip
                                         _____
                                         Telephone Number

13.
**STIPULATED PROTECTIVE ORDER**
**USDC Case No. 3:20-cv-00809-L-DEB**

## **PROOF OF SERVICE**

I, Paul M. Gleason, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On April 19, 2021, I served a copy(ies) of the following document(s):

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

on the parties to this action as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Josh D. Gruenberg, Esq.<br>Colette N. Mahon, Esq.<br>GRUENBERG LAW<br>2155 First Avenue<br>San Diego, CA 92101<br>Tel:  (619) 230-1234<br>Fax:  (619) 230-1074<br>josh@gruenberglaw.com<br>colettem@gruenberglaw.com | Counsel for Plaintiff<br>GREGORY<br>ARNOLD | CM/ECF |

☒     [BY CM/ECF SYSTEM]  I caused the above-referenced document(s) to be sent by electronic transmission to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court.  I declare under penalty of perjury under the laws of the United States that the above is true and correct, and that this declaration was executed on April 19, 2021, at Long Beach, California.

/s/ Paul M. Gleason
Paul M. Gleason